UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CIVIL ACTION NO.
-------------------------------------------------------------------------x
BRIAN TRUSHELEV and PAVEL PORADISOV,

                          Plaintiffs,

    -against-                                    COMPLAINT
                                                         JURY TRIAL COMPLAINT

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, CITY OF NEW YORK POLICE
OFFICER ROBERT RAMIREZ, badge/shield number
20138, NEW YORK CITY POLICE DEPARTMENT
DETECTIVES "JOHN DOE" AND "JANE DOE" #'S
1-10, FIRST AND LAST NAMES BEING FICTITIOUS
AND CURRENTLY UNKNOWN, and NEW YORK
CITY POLICE DEPARTMENT OFFICERS "JOHN
DOE" AND "JANE DOE" #'S 1-10, FIRST AND
LAST NAMES BEING FICTITIOUS,

                          Defendants.
-------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs BRIAN TRUSHELEV ("Trushelev") and PAVEL PORADISOV ("Poradisov"; Trushelev and Poradisov collectively referred to as the "Plaintiffs") seek relief for defendants' violations of their rights secured by the Civil Rights Acts of 1866 and 1871, 42 U.S.C. Sections 1983, and of rights secured by the Fourth, Fifth, and Eighth Amendments to the Constitution of the United States of America, by the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America, and for rights secured under the Constitution and laws of the State of New York. Plaintiffs also assert a pendent cause of action under state law. Plaintiffs seeks a jury trial, from which both compensatory and punitive damages are sought, in addition to an award of costs and attorneys fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1343 (3) and (4), in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, as this is an action seeking redress for violations of plaintiff's constitutional and civil rights. The amount of damages in controversy is in excess of $150,000.00, exclusive of interest and costs.

3. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, known as Supplemental Pendant Party Jurisdiction, the State law claims against any pendant party having a common nucleus of operative facts with the federally based causes of action asserted herein and arising out of the same transaction and occurrence giving rise to the federally based claims and causes of action asserted herein.

4. Plaintiffs request that the Court exercise its appropriate discretion and powers to consider all pendant party and pendent state law claims. The claims derive from the same transactions and occurrences involving all the parties hereto, giving rise to the federally and State of New York-based claims and causes of action, and have a common nucleus of operative facts with both the federally and State of New York-based claims and causes of action.

## VENUE

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Section 1391 (a), (b) and (c).

## PARTIES

6. Trushelev is a legal resident of the United States, date of birth April 18, 1995. Trushelev currently resides at 40 Brighton 1st Road, Brooklyn, New York 11235.

7. Poradisov is a legal resident of the United States, date of birth July 27, 1987. Poradisov currently resides at 2463 East 2nd Street, Brooklyn, New York 11223.

8. The Plaintiffs are of Russian/East European nationality/descent.

9. Upon information and belief, defendant CITY OF NEW YORK (hereinafter "NYC") was and is a municipal entity, existing under and pursuant to the laws and the Constitution of the State of New York.

10. Upon information and belief, NYC owns and is empowered to operate, manage, direct and control a police department.

11. Upon information and belief, defendant NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"; NYC and NYPD collectively referred to herein as the "City") was and is a municipal entity, existing under and pursuant to the laws and the Constitution of the State of New York.

12. All of the individually-named defendant police officers above are sued both individually and in their official capacities as employees of the City.

13. Upon information and belief, defendant CITY OF NEW YORK POLICE OFFICER ROBERT RAMIREZ, badge/shield number 20138 (hereinafter "Ramirez"), is and was at all times relevant herein, a police officer, agent, servant and employee, of the City.

14. Upon information and belief, Ramirez was at all times relevant herein, assigned to the City's 122nd Police Precinct located in the County of Richmond, in the State of New York.

15. Upon information and belief, NEW YORK CITY POLICE DEPARTMENT DETECTIVES "JOHN DOE" AND "JANE DOE" #'S 1-10, FIRST AND LAST NAMES BEING FICTITIOUS AND CURRENTLY UNKNOWN (hereinafter the "Detective Does"), were at all times relevant herein, police officers, agents, servants and employees, of the City.

16. Upon information and belief, Detective Does were at all times relevant herein, assigned to the City's 122nd Police Precinct, and/or other City Police Precinct(s), located in the County of Richmond, in the State of New York.

17. Upon information and belief, NEW YORK CITY POLICE DEPARTMENT OFFICERS "JOHN DOE" AND "JANE DOE" #'S 1-10, FIRST AND LAST NAMES BEING FICTITIOUS AND CURRENTLY UNKNOWN (hereinafter the "Police Officers Does"), were at all times relevant herein, police officers, agents, servants and employees, of the City.

18. Upon information and belief, Police Officers Does were at all times relevant herein, assigned to the City's 122nd Police Precinct, and/or other City Police Precinct(s), located in the County of Richmond, in the State of New York.

19. At all times relevant herein, notwithstanding the illegality of the conduct described hereinafter, Ramirez, Detective Does and Police Officers Does were acting under color of state law, in the course and scope of their duties and functions as agents, servants, employees and officers of the City, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. Ramirez, Detective Does and Police Officers Does were acting for, on behalf of, and in furtherance of, the business of the City, and at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City, and incidental to the lawful pursuit of their duties as officers, employees and agents of the City. Ramirez, Detective Does and Police Officers Does were acting pursuant to the customs, practices, patterns and policies of the City and its police department. Upon information and belief, these defendants, its and their agents, servants and employees, owed a special duty owed to the Plaintiffs, and the all alleged acts of omission and commission on the part of these defendants, its and their agents, servants and employees, as well as such other acts, conducts and behavior of all defendants herein,

constitute a willful, intentional, affirmative and/or negligent pattern, and plan to discriminate against, and to deprive the Plaintiffs, of their civil rights.

### STATEMENT OF FACTS APPLICABLE TO ALL CAUSES OF ACTION

20. Between June 19, 2016-June 20, 2016, the Plaintiffs were lawfully attending to, and working on, lawfully owned BMW motor vehicles (the "BMWs"), located at or near 20 Colon Avenue, Staten Island, New York (the "Premises").

21. At approximately 3:00 a.m. on Monday, June 20, 2016, while attending to the aforesaid motor vehicles at or near the Premises, the Plaintiffs were approached by Ramirez, Detective Does and Police Officers Does.

22. Ramirez, Detective Does and Police Officers Does approached the Plaintiffs in a threatening, degrading and menacing manner, without cause, evidence, justification or authority, accusing Plaintiffs of engaging in illegal actions, conduct and behavior, including but not limited to, "…you Russian guys are chopping up BMWs".

23. That at all times herein, the Plaintiffs acted and behaved lawfully, reasonably and peaceably, attempting to both explain the circumstances why they were at the Premises, and attempting to show proof of lawful ownership of the BMWs.

24. Ramirez, Detective Does and Police Officers Does willfully refused to permit the Plaintiffs to present proof of lawful ownership of the BMWs, and willfully, intentionally and/or recklessly failed to conduct a reasonable and proper investigation thereof.

25. Rather, and without cause, provocation, a reasonable basis, cause or warning, Ramirez, Detective Does and Police Officers Does suddenly and illegally assaulted, accosted, injured, imprisoned, applied illegal, unnecessary, excessive and unreasonable force, and without either indicating what crimes the Plaintiffs were to be charged with, or reading the Plaintiffs their Miranda rights, Ramirez, Detective Does and Police Officer Does arrested and placed the Plaintiffs in handcuffs and custody, forcibly placing the Plaintiffs in defendants' police car and

intentionally kept the Plaintiffs without cause, justification or provocation, for approximately one (1) hour before taking the Plaintiffs to the City's 122nd Police Precinct.

26. Plaintiffs were wrongfully, falsely and illegally imprisoned, held and interrogated by the defendants, its and their agents, servants and employees, to approximately 11:30 pm on Monday, June 20, 2016, and which time the defendants, its and their agents, servants and employees, handcuffed and shackled the Plaintiffs together, and transported them to the City's 120th Police Precinct, where the Plaintiffs were processed (including fingerprinted and photographed).

27. Plaintiffs remained wrongfully, falsely and illegally imprisoned at the City's 120th Police Precinct until approximately 11:00 am on Tuesday, June 21, 2016, at which time the Plaintiffs were arraigned in the Richmond County Criminal Court, and were charged with multiple crimes, including illegal vehicle dismantling/stripping.

28. As a result thereof, the Plaintiffs were forced to not only retain legal representation for their legal defense, but to appear in the Richmond County Criminal Court for approximately eight (8) appearances for the criminal cases pending against them.

29. That on or about March 8, 2017, all criminal charges filed against the Plaintiffs were dismissed on its merits.

30. As a proximate result thereof, the Plaintiffs were caused to suffer serious and severe and potentially permanent personal, emotional, psychological and physical injuries, stress, humiliation, mental pain and suffering, embarrassment, humiliation, and injury to her dignity, as well suffered and continues to suffer, loss of earnings and economic damages.

## CONSTITUTIONAL AND FEDERAL STATUTORY VIOLATIONS

### FIRST CLAIM

(Violations of Constitutional Rights and violations of 42 U.S.C. Section 1983 on behalf of Plaintiffs against Ramirez, Detective Does and Police Officers Does

31. Plaintiffs incorporate by reference the allegations set forth in paragraphs "1" through "30" of the Complaint, as if fully set forth at length herein.

32. The conduct of Ramirez, Detective Does and Police Officers Does, acting under color of law and in concert with one another, in making illegal and unauthorized directives, assaulting, beating and injuring the Plaintiffs, in using illegal, unauthorized, excessive and unreasonable force, in harassing the Plaintiffs, and in, falsely arresting and imprisoning the Plaintiffs, and in causing the Plaintiffs to be maliciously prosecuted, was done intentionally, maliciously, wantonly, and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering in violation of Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

33. By reason of the foregoing, Plaintiffs have each been damaged in the minimum amount of five million ($5,000,000.00) dollars.

34. By virtue of the foregoing intentional, malicious and wanton conduct, Plaintiffs is also each entitled to punitive damages in the amount of ten million ($10,000,000.00), including an award of attorney's fees.

## SECOND CLAIM

(Violations of Constitutional Rights and 42 U.S.C. Sections 1983 on behalf of Plaintiffs against City for the failure Properly Hire, Train, Supervise and Discipline Ramirez, Detective Does and Police Officers Does

35 Plaintiffs incorporate by reference the allegations set forth in paragraphs "1" through "34" of the Complaint, as if fully set forth at length herein.

36. The City, its agents, servants and employees, acting under color of law, in a regular, pervasive, intentional, reckless and/or grossly negligent pattern, plan and manner, and with deliberate indifference towards Plaintiffs and/or other similarly-situated citizens/residents,

failed to reasonably and properly hire, supervise, train and discipline police officers under its jurisdiction, including Ramirez, Detective Does and Police Officers Does herein, with respect to unlawful and brutal assaults, arrests and imprisonment, and to otherwise deprive residents/citizens of their federal constitutional and statutory rights, privileges and immunities, and rights under state law, despite having actual and/or constructive/imputed notice and/or knowledge of a replete pattern and practice of such unlawful actions, conduct and behavior.

37. Such inadequate training and inadequate supervision were the direct causes of and the moving forces behind the aforesaid events, as guaranteed under 42 U.S.C. Sections 1983 and by the Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the Constitution of the United States of America.

38. By reason of the foregoing, Plaintiffs have each been damaged in the minimum amount of five million ($5,000,000.00) dollars.

39. By virtue of the foregoing grossly negligent conduct and deliberate indifference of the City, Plaintiffs are also each entitled to punitive damages in the amount of ten million ($10,000,000.00) dollars, including an award of attorneys' fees.

### THIRD CLAIM

(Violations of Constitutional Rights and Violations of 42 U.S.C. Sections 1983 on behalf of the Plaintiffs for the Failure of the City to Prevent Misconduct and to Discipline Ramirez, Detective Does and Police Officers Does)

40. Plaintiff incorporates by reference the allegations set forth in Paragraphs "1" through "39" of the Complaint as if fully set forth at length herein.

41. The City, its agents, servants and employees, acting under color of law, in a careless, reckless and negligent manner and with deliberate indifference towards Plaintiffs and other citizens/residents, had actual or imputed knowledge through their supervisory officials of a past pattern of such police misconduct and brutality inflicted on various citizens/residents,

including but not limited to, by Ramirez, Detective Does and/or Police Officers Does, and failed to exercise reasonable care in investigating such claims in order to prevent such misconduct.

42. The City, its agents, servants and employees, acting under color of law, in a grossly negligent manner and with deliberate indifference towards Plaintiffs and/or other similarly-situated citizens/residents, had actual or imputed knowledge, through their supervisory officials, of a past pattern of police misconduct and brutality inflicted on Plaintiffs by the individually-named defendant police officers, and/or the police officers of its 122nd and/or 120th Police Precincts, and failed to prevent the misconduct and brutality inflicted on the Plaintiffs.

43. By failing to act to prevent such misconduct and/or to discipline offending officers, the City approved and encouraged such conduct towards the Plaintiffs and others similarly-situated, and thus promulgated and/or carried out an official policy or custom permitting such behavior in violation of Plaintiffs' rights as guaranteed under 42 U.S.C. Sections 1983 and by the Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the Constitution of the United States of America.

44. By reason of the foregoing, Plaintiffs have each been damaged in the minimum amount of five million ($5,000,000.00) dollars.

45. By virtue of the foregoing grossly negligent and deliberately indifferent conduct by the City, Plaintiffs are also each entitled to punitive damages in the amount of ten million ($10,000,000.00), including an award of attorneys' fees.

### PENDENT STATE TORT LAW CLAIM ON BEHALF OF PLAINTIFFS AGAINST THE DEFENDANTS

46. Plaintiffs incorporate by reference the allegations set forth in Paragraphs "1" through "45" of the Complaint, as if fully set forth at length herein.

47. On or about June 1, 2017, pursuant to Section 50-e of the General Municipal Law of the State of New York, Poradisov timely filed a Notice of Claim with City, asserting claims against the defendants for the aforesaid events.

48. On or about June 2, 2017, pursuant to Section 50-e of the General Municipal Law of the State of New York, Trushelev timely filed a Notice of Claim with City, asserting claims against the defendants for the aforesaid events.

49. On or about August 21, 2017 and December 5, 2017, Trushelev and Poradisov respectively submitted to a pre-suit statutory hearing conducted on behalf of the defendants, in accordance with Section 50-h of the General Municipal Law of the State of New York.Plaintiff, by service of an Order to Show Cause filed on June 13, 2000, sought permission in Supreme Court, Kings County, under Index number 20381/00, to amend the Notice of Claim, pursuant to the applicable provisions of the General Municipal Law.

50. More than thirty (30) days have elapsed since the service of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

51. This action is commenced within all applicable statute of limitation periods.

52. Plaintiffs have complied with all conditions precedent to the institution of this action.

## FOURTH CLAIM

(Malicious Prosecution)

53. Plaintiff incorporates by reference the allegations set forth in Paragraphs "1" through "52" of the Complaint, as if fully set forth at length herein.

54. Defendants, its and their agents, servants and employees, caused as a result of the aforesaid wrongful and illegal actions, conduct and behavior, the Plaintiffs to be arrested and charged with multiple crimes, and for criminal judicial proceedings to be initiated against the Plaintiffs.

55. That the aforesaid criminal judicial proceedings were brought against the Plaintiffs without probable cause.

56. That the aforesaid criminal judicial proceedings were brought against the Plaintiffs with malice.

57. That the aforesaid criminal judicial proceedings were terminated in favor of the Plaintiffs.

58. By reason of the foregoing, Plaintiffs have each been damaged by the defendants in the minimum amount of five million ($5,000,000.00) dollars.

59. By virtue of the foregoing grossly negligent, wanton, and reckless conduct, Plaintiffs are also each entitled to punitive damages in the amount of ten million ($10,000,000.00).

WHEREFORE, plaintiffs demand the following relief jointly and severally against all defendants, in accordance with the relief demanded in each cause of action, along with such other, further and different relief as to this Honorable Court may seem appropriate and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, ALAN J. BENNETT, PLLC, hereby demand a trial by jury on all issues so triable in this matter.

Dated: Brooklyn, New York
June 1, 2018

ALAN J. BENNETT, PLLC

By: _____
ALAN J. BENNETT, ESQ. (AJB-1635)
Attorneys for Plaintiffs
BRIAN TRUSHELEV and PAVEL PORADISOV
2357 Coney Island Avenue
Brooklyn, New York 11223
(212) 696-2116

# VERIFICATION

STATE OF NEW YORK      )
                                           SS:
COUNTY OF KINGS        )

BRIAN TRUSHELEV, being duly sworn, deposes and says:

I am plaintiff in the within action. I have been read the foregoing Verified Complaint, and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
BRIAN TRUSHELEV

Subscribed and sworn to before
me this 1st day of JUNE, 2018

_____
Notary Public

ALAN BENNETT
Notary Public, State of New York
No. 02BE5087239
Qualified in Queens County
Commission Expires 10/27/2021

VERIFICATION

STATE OF NEW YORK	)
				) SS:
COUNTY OF KINGS		)

PAVEL PORADISOV, being duly sworn, deposes and says:

I am plaintiff in the within action. I have been read the foregoing Verified Complaint, and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
PAVEL PORADISOV

Subscribed and sworn to before
me this 1st day of JUNE, 2018

_____
Notary Public

ALAN BENNETT
Notary Public, State of New York
No. 02BE5087239
Qualified in Queens County
Commission Expires 10/27/~~1999~~ 2021